IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **NORTH MISSISSIPPI MEDICAL CENTER, INC.**, *Plaintiff*, v. **QUARTIZ TECHNOLOGIES, d/b/a VALUE ASCENT INC.**, *Defendant*. | CAUSE NO. 1:23-CV-3-CWR-LGI |

## ORDER

Before the Court is the Defendant's *Motion to Amend/Correct Answer to Complaint*, Docket No. 49, which seeks to amend the Defendant's counterclaim to identify "certain intellectual property belonging to Quartiz" that was not specifically identified in the Defendant's previous Answer. Docket No. 49 at 1. The Plaintiff opposes the Defendant's motion. Docket No. 57. Also before the Court is NMMC's *Motion to Dismiss Counterclaim*, Docket No. 46.

Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires. Rule 15 evinces a bias in favor of amendment, such that a motion to amend should not be denied "unless there is a substantial reason to do so." *Lefall v. Dallas Indep. School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). There are five factors to consider when determining whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

NMMC argues that Quartiz's amendment would be futile. Specifically, NMMC argues that the new information would not be helpful because NMMC had a right to use the Backup Database under the terms of the parties' Agreement. Docket No. 57 at 4. NMMC also argues that Quartiz's Proposed Amended Counterclaim does not "state a plausible claim" that the IP it identifies qualifies as trade secrets. *Id*. at 10. That is because "Quartiz does not plead facts from which the Court could infer that Quartiz's 'intellectual property' is not generally known in the industry or that Quartiz has taken reasonable steps to keep its trade secrets confidential." *Id*. at 10–12.

When deciding whether an amendment would be futile, the Court applies the Rule 12(b)(6) standard. Under that standard, "an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016), *cert. denied sub nom. Legate v. Collier*, 137 S.Ct. 489, 196 L.Ed.2d 389 (2016), *reh'g denied*, 137 S.Ct. 1139, 197 L.Ed.2d 239 (2017). To survive a Rule 12(b)(6) motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, the proposed First Amended Counterclaim pleads sufficient facts to state a case for relief. To state a claim for misappropriation of trade secrets, Quartiz must sufficiently allege that "(1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 262 (5th Cir. 2022). A trade secret is defined as information that: (1) "the

2

owner . . . has taken reasonable measures to keep . . . secret"; and (2) "derive[s] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3).

The proposed First Amended Counterclaim identifies the existence of specific, confidential information that was intended to remain secret. Docket No. 49-1 at 4. It further alleges that "NMMC misappropriated such confidential and trade secret information by disclosing to third parties or [otherwise] using . . . in an unauthorized manner." *Id*. The proposed First Amended Counterclaim and the attached exhibits also make plain that much of the IP that has been identified is proprietary and owned by specific individuals. The 12(b)(6) standard does not require that the complainant prove its case; merely that it states sufficient facts to prove a claim. Quartiz has done so here.

Having considered the arguments and applicable law, the Court finds that NMMC has failed to demonstrate futility, and that the motion to amend should be **GRANTED**.

Because the Court will give Quartiz an opportunity to amend its counterclaim, NMMC's previously filed motion to dismiss, Docket No. 46, is **DENIED WITHOUT PREJUDICE** to its refiling at a later date.

**SO ORDERED**, this the 8th day of June, 2023.

                                                 s/ Carlton W. Reeves
                                                 UNITED STATES DISTRICT JUDGE