IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NORTH MISSISSIPPI MEDICAL CENTER, INC.**,

*Plaintiff*,

v.

**QUARTIZ TECHNOLOGIES a d/b/a of VALUE ASCENT INC.**,

*Defendant*.

CAUSE NO. 1:23-CV-3-CWR-LGI

### ORDER

Before the Court is Defendant Quartiz Technologies' Motion to Dismiss. Docket No. 27. Plaintiff North Mississippi Medical Center ("NMMC") opposes dismissal. Docket No. 39. Having considered the Motion, the parties' arguments, and the applicable law, the Court will deny Quartiz's Motion without prejudice.

**I.    Background**

In this intellectual property dispute, Quartiz has moved for dismissal on two grounds: (1) NMMC's alleged failure to effectuate sufficient process, Fed. R. Civ. P. 12(b)(4); and (2) NMMC's alleged failure to join necessary parties, Fed. R. Civ. P. 12(b)(7). Docket No. 28. For reasons that will soon become obvious, the Court summarizes only the second argument.

Quartiz explains that NMMC's demand for files in Quartiz's possession—the principal issue in this case—"would require Quartiz to deliver to NMMC intellectual property belonging exclusively to Quartiz or intellectual property belonging to other non-

joined parties." Docket No. 28 at 2. Exhibit 2 of Quartiz's Motion summarizes "some of the intellectual property contained in any .dmp file generated from [NMMC's] PeopleSoft database, belonging to Quartiz or other parties." Docket No. 27-2. That document includes a "description of assets" as well as the names of the intellectual property owners.

Quartiz argues that NMMC does not have a license to use the intellectual property developed by Quartiz prior to its relationship with NMMC, nor does it have a license to use the intellectual property developed by Quartiz's contractors. Docket No. 28 at 4. "[S]hould NMMC utilize this intellectual property following Quartiz's court ordered delivery of it, Quartiz would likely then be subjected to a multiplicity of suits from the actual owners of the intellectual property." *Id.* For that reason, Quartiz claims that the owners of the intellectual property Quartiz used to develop and manage NMMC's database must be joined as necessary parties to this litigation. *Id.*

## II.     Legal Standard

This Court, "on motion or on its own accord after notice to the plaintiff," must dismiss an action without prejudice "if a defendant is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 12(b)(4) (providing "insufficient process" as a ground for dismissal). The Court may also dismiss an action for a "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 requires this Court to join only those persons whose absence would (1) prevent the Court from providing complete relief; (2) impair or impede their ability to protect any interests relating to the subject-matter of the action; or (3) leave an existing party vulnerable to "double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1).

## III.     Discussion

Having reviewed the parties' arguments and the applicable law, the Court now concludes that Quartiz's Motion must be denied without prejudice.

First, Quartiz's insufficient process argument is moot. NMMC filed its Complaint against Quartiz on January 3, 2023. Docket No. 2. Proof of service was filed within 90 days, as required by Rule 4(m). Fed. R. Civ. P. 4(m); *see also* Docket No. 44. Thus, the Court may not dismiss this action on grounds of insufficient process.

Second, at this time, it is premature to dismiss the action for NMMC's supposed failure to join Quartiz contractors Nitin Bhatia, Vish Goyal, and Michael Hagman as necessary parties. "Generally, federal courts are reluctant to dismiss a complaint for failure to join a party unless it appears that serious prejudice or inefficiency will result."[1] Both parties have articulated means for transferring the data in question without disclosing confidential intellectual property owned by Quartiz and non-parties. That leads the Court to believe it can provide complete relief—in the absence of the three enumerated non-parties—without prejudice.

In its Complaint, for example, NMMC alleged that it rejected Quartiz's offer to provide the requested information "in comma delimited electronic format files" because "such a task would be expensive [and] require NMMC to engage in substantial work to put the information contained in the spreadsheet back into the PeopleSoft database." Docket No. 2 at 4. And for its part, Quartiz has acknowledged that NMMC "is entitled to the return of all its data," but says that the data must be "returned in a mutually agreeable format." Docket

---

[1] *See Transparent Energy LLC v. Premiere Mktg. LLC*, No. 3:19-cv-3022, 2021 WL 955271, at *3 (N.D. Tex. Feb. 1, 2021); *see also Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. and Cmty. Affs.*, No. 3:08-cv-546, 2008 WL 5191935, at *9 (N.D. Tex. Dec. 11, 2008) (expressing reluctance to dismiss an action for non-joinder when defendant did not provide evidence on the Rule 19(b) equitable factors courts should consider when deciding whether to continue an action in the absence of a non-party).

No. 24 at 7. The dispute is therefore about what should be a technical issue: how Quartiz can return NMMC's underlying data, without revealing its intellectual property.

At this juncture, it is unclear what format the parties may use wherein NMMC's data can be transferred without disclosing Quartiz or its contractors' intellectual property. But the parties have implied that such a measure *does* exist. And if an agreeable format exists, the Court can provide complete relief in the absence of these three international non-parties. *See* Docket No. 42 at 4 (explaining that three non-parties are residents of "Canada, Sweden, or India"). The Court encourages the parties to focus their attention and resources on coming to an agreement as to that key issue before moving to join three international citizens who may present time-consuming jurisdictional and venue hurdles to ending this litigation.

Finally, the Court notes that since the filing of this Motion, the Court has held a number of evidentiary hearings and the parties have teed up several issues. *See* Docket Nos. 87, 123, 124 and 126. Absent from the conversation was any mention of insufficient process. Also, with respect to whether all parties have been joined, as noted in the Case Management Order entered long after this Motion was filed, *see* Docket No. 135, the parties have until October 26th to invite any non-parties to this skirmish.

### IV. Conclusion

Quartiz's Motion to Dismiss, Docket No. 27, is **DENIED WITHOUT PREJUDICE**. The Court's decision does not preclude it from re-urging its arguments with additional supplementation.

**SO ORDERED**, this the 30th day of September, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
