IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NORTH MISSISSIPPI MEDICAL CENTER, INC.**,

*Plaintiff*,

v.

**QUARTIZ TECHNOLOGIES a d/b/a of VALUE ASCENT INC.**,

*Defendant.*

Cause No. 1:23-CV-3-CWR-LGI

## ORDER

Before the Court is Plaintiff North Mississippi Medical Center's ("NMMC") Motion to Seal from public access portions of the July 14, 2023 Evidentiary Hearing transcript. Docket No. 129. NMMC asks the Court to permanently seal and redact the following portions of the July 14, 2023 transcript: lines 64:12-18, 65:3-9, 65:23-24; and the dollar amounts contained in lines 63:15, 63:19, and 67:7. Having considered the Motion, hearing transcript, and applicable law, the Court concludes that the Motion should be denied without prejudice.

I. Background

This Court held an Evidentiary Hearing on July 14, 2023. The transcript of that proceeding is the subject of NMMC's Motion to Seal. *See* Docket No. 123.

NMMC claims that lines 64:12-18, 65:3-9, 65:23-24, 63:15, 63:19, and 67:7 contain the confidential business information of a third party called SpearMC. Docket No. 129. Specifically, NMMC contends that the transcript mentions "confidential contractual terms"

contained within a contract executed by NMMC and SpearMC, and dollar amounts that "disclose the confidential payment structure" between the two entities. *Id.* at 1. It claims that redactions are warranted because the information is not "substantive to the issues before the court or its decisions," and the redactions will protect "the public's interest in understanding the instant dispute and the Court's rulings, while also appropriately protecting SpearMC's confidential business information." *Id.* at 2.

## II.  Legal Standard

This Court recognizes the well-established presumption that the public has a "general right to inspect . . . judicial records and documents." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978). In upholding that presumption, this Court's Local Rules provide that "all pleadings and other materials filed with the court ('court records') become a part of the public record of the court," unless a law, statute, or order provides otherwise. L.U. Civ. R. 79(a). This presumption "furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010).

The public's right to inspect judicial records is not absolute. *Sec. and Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Courts may restrict the public's access to documents containing confidential business information. *N. Cypress Med. Ctr. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015); *see also Bradley v. Cooper Tire & Rubber Co.*, No. 4:03-cv-94-DPJ-LRA, 2008 WL 11506798, at *1 (S.D. Miss. Jan. 7, 2008) (referring to "confidential materials" as "trade secrets or confidential information pursuant to state and federal law"). Courts may also restrict access to judicial records containing confidential

2

business information when public disclosure of such information creates a risk of harm to a party. *See N. Cypress Med. Ctr.*, 781 F.3d at 204.

Given the presumption of public access, a court's discretion to restrict access to judicial records and documents should be exercised sparingly. *See id.*

### III. Discussion

On review, NMMC has not shown that its interest in sealing and redacting aspects of the July 14, 2023 transcript outweighs the public's general right to inspect judicial records. The excerpts in question concern fees NMMC paid to SpearMC for services rendered. NMMC has not established that these fees are confidential because they are "a trade secret, method of operation, source[] of suppliers, [or] names of customers." *Water Servs. v. Tesco Chems., Inc.*, 410 F.2d 163, 168 (5th Cir. 1969). The information NMMC seeks to keep from the public is, in fact, already located on the docket in an unsealed Defense exhibit. *See* Docket No. 118-9. It makes little sense to seal information in a transcript that is publicly available elsewhere.

### IV. Conclusion

For these reasons, NMMC's Motion to Restrict is **DENIED WITHOUT PREJUDICE**. If NMMC reurges its request, it should be sure to articulate "a specific harm created by [disclosure]" and offer more than "conclusory statements to support a blanket claim of confidentiality." *Vantage Health Plan, Inc. v. Wills-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

**SO ORDERED**, this the 30th day of September, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE