IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NORTH MISSISSIPPI MEDICAL CENTER, INC.**,

*Plaintiff,*

v.

**QUARTIZ TECHNOLOGIES a d/b/a of VALUE ASCENT INC.**,

*Defendant.*

CAUSE NO. 1:23-CV-3-CWR-LGI

### ORDER

Before the Court is Defendant Quartiz Technologies' Second Motion for Leave to Amend its Counterclaims. Docket No. 110. Plaintiff North Mississippi Medical Center ("NMMC") opposes relief. Docket No. 119. Having considered the Motion, the parties' arguments, and the applicable law, the Court will grant Quartiz's Motion.

### I. Background

In this ongoing intellectual property dispute, Quartiz seeks to amend its counterclaims to identify "certain steps taken to protect the confidentiality of trade secrets." Docket No. 110 at 1. It has attached its proposed Second Amended Counterclaims clarifying its misappropriation of trade secrets claim. Docket No. 110-1.

NMMC opposes Quartiz's motion as futile. Docket No. 120 at 4. It alleges that Quartiz fails to plead the critical threshold question—that "the trade secrets in question cannot have been disclosed to others, unless those other parties are subject to a confidentiality

agreement." *Id.* at 1 (internal quotations omitted). Because Quartiz did not show that it executed confidentiality agreements with third parties, NMMC alleges that Quartiz's trade secrets rights were extinguished. *Id.* at 4.

## II. Legal Standard

Rule 15 of the Federal Rules of Civil Procedure enables parties to amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further instructs this Court to "freely give leave when justice so requires." *Id.*

This language denotes a liberal standard that "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv.*, 660 F.2d 594, 597 (5th Cir. 1981). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598. A "substantial reason" may include "undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted). It may also be found if there is "bad faith or dilatory motive on the part of the movant." *Calhoun v. Collier*, 78 F.4th 846, 854 (5th Cir. 2023), *as revised* (Aug. 31, 2023) (citation omitted).

## III. Discussion

The Court will grant Quartiz's Second Motion for Leave to Amend its Counterclaims because its proposed amendment is not futile.

An amendment is futile if, *inter alia*, "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). When assessing futility, courts apply the Rule 12(b)(6) standard. *Id.* To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is facially plausible when it pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A trade secret is a form of information that (1) the owner has taken "reasonable measures" to keep secret; and (2) derives "independent economic value" from being neither generally known nor readily ascertainable by another "who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3); *see also* Miss. Code Ann. § 75-26-3(d) (defining "trade secret" in nearly identical terms). To successfully state a misappropriation of trade secrets claim, Quartiz must show "(1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *CAE Integrated, LLC v. Moov Tech., Inc.*, 44 F.4th 257, 262 (5th Cir. 2022).

Quartiz's proposed amendment delineates the measures Quartiz took to protect the confidentiality of its trade secrets. Docket No. 110 at 1. NMMC fails to demonstrate the futility of that amendment. NMMC would have this Court believe that executing a confidentiality agreement is the *only* way Quartiz can demonstrate that it took reasonable measures to maintain its trade secrets' confidentiality. Docket No. 120 at 2. NMMC cites several opinions[1] — none of which are binding on this Court — to support its contention.

---

[1] *See, e.g.*, *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 941 (S.D. Tex. 2004) (recognizing that the absence of a "confidential relationship" preempts misappropriation claims, but not requiring a confidentiality agreement to establish a confidential relationship); *In re Dippin' Dots Pat. Litig.*, 249 F. Supp. 2d 1346, 1376 (N.D. Ga. 2003) (explaining that plaintiffs did not take reasonable measures to secure their protected information because they did not execute a confidentiality agreement *or* indicate that the information at issue was secret); *BDT Prods. v. Lexmark Intern, Inc.*, 274 F. Supp. 2d 880, 893 (E.D. Ky. 2003) (noting that identifying materials as trade secrets *and* using a confidentiality agreement both constituted

3

Contrary to NMMC's contention, however, courts do not uniformly require the execution of a confidentiality agreement to prove the existence of a trade secret. Instead, many courts acknowledge that a confidentiality agreement is just one reasonable measure a party may implement to keep its information secret. *See, e.g.*, *Sheets v. Yamaha Motors Corp.*, 849 F.2d 179, 183 (5th Cir. 1988) (acknowledging several efforts to maintain secrecy and explaining that such efforts need only be "reasonable under the circumstances").

On its face, then, Quartiz has sufficiently pleaded facts to allow a reasonable inference that a trade secret existed—even in the absence of a confidentiality agreement. As this Court explained in its Order granting Quartiz's First Motion to Amend its Counterclaim: "The 12(b)(6) standard does not require that the complainant prove its case; merely that it states sufficient facts to prove a claim." *N. Miss. Med. Ctr. v. Quartiz Tech.*, No. 1:23-CV-3, 2023 WL 3910254, at *2 (N.D. Miss. June 8, 2023). Quartiz has met its burden. Because its proposed amendment is not futile, its Motion to Amend will be granted for the second (and one hopes final) time.

## IV. Conclusion

Quartiz's Second Motion to Amend, Docket No. 110, is **GRANTED**.

Because the Court grants leave to amend, NMMC's Motion to Dismiss Quartiz's first amended counterclaim, Docket No. 100, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this the 30th day of September, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

"reasonable efforts to protect the confidentiality" of trade secrets); *Fail-Safe LLC v. A.O. Smith Corp.*, 744 F. Supp. 2d 831, 857 (E.D. Wis. 2010) (explaining that the presence or absence of a confidentiality agreement has a "predictable bearing" on the outcome of a case, but not implying that confidentiality agreements are conclusive or outcome-determinative).

4