**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | |
|---|---|
| **NORTH MISSISSIPPI MEDICAL CENTER, INC.,** | |
| *Plaintiff,* | |
| *v.* | CAUSE NO. 1:23-CV-3-CWR-LGI |
| **QUARTIZ TECHNOLOGIES, d/b/a VALUE ASCENT INC.,** | |
| *Defendant.* | |

**ORDER**

Before the Court is Defendant Quartiz Technologies' *Motion to Join SpearMC Management Consulting, Inc. as co-Defendant in Quartiz's Counterclaim*. Docket No. 167. Attached to Quartiz's *Motion* is its *Proposed Third Amended Counterclaim*. Docket No. 167-2. Plaintiff North Mississippi Medical Center, Inc. does not oppose Quartiz's *Motion*. Docket No. 181. Upon review, the *Motion* is granted.

**I.      Background**

Below is a brief summary of the facts leading up to SpearMC's alleged involvement in this dispute.

In August 2018, NMMC contracted with Quartiz to manage its Peoplesoft database. Docket No. 167-2 at 1. After the term of the contract expired, NMMC requested the return of its data. As amended, the contract provides that the data must be returned in a "mutually agreeable electronic format." *Id.* at 24. The parties, however, cannot compromise on what a "mutually agreeable electronic format" entails.

Quartiz agreed to return the database in a comma delimited electronic format. But NMMC requested the database in a ".tar" file. Quartiz explained that it used its intellectual property to manage the database, and thus cannot return the database in the requested format without disclosing intellectual property to which NMMC has no rights.

Although the parties never resolved the format issue, around May 18, 2022, NMMC requested a backup of its database from Quartiz "to be kept on-site for security and auditing purposes." *Id.* at 2. Quartiz agreed because it believed that it would only be used for security and auditing purposes.

Now comes SpearMC's debut. In its *Proposed Third Amended Counterclaim*, Quartiz alleges that NMMC hired SpearMC to "provide substantially the same services to NMMC as were already being provided by Quartiz." *Id.* Quartiz further alleges that SpearMC and NMMC have used the database backup to "stand up a new instance of the Peoplesoft database." *Id.* at 3.

Quartiz's dispute with NMMC and SpearMC appears to be two-fold. First, the database backup allegedly contains intellectual property that neither NMMC nor SpearMC have rights to. Second, the agreement with SpearMC allegedly interferes with Quartiz's agreement with NMMC. Accordingly, Quartiz seeks to join SpearMC to its Counterclaim under Rule 20(a)(2), and assert six claims against the company. NMMC does not oppose the amendment.

## II.     Legal Standard

Rule 20 governs "the addition of a person as a party to a counterclaim." Fed. R. Civ. P. 13(h). Rule 20(a)(2) creates a two-prong test for a joinder of defendants. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010). Both prongs must be satisfied to

sustain a party joinder under Rule 20(a)(2). 7 Wright, Miller & Kane, *Federal Practice and Procedure Civil* § 1653 (3d ed. 2003) [hereinafter Wright et al.].

In relevant part, Rule 20(a) provides:

"Persons . . . may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2)(A)-(B) (emphasis added).

The proposed joinder of SpearMC is permissive. While permissive joinders under Rule 20(a) are not "unlimited," *see* Wright et al. § 1653, this Court has "considerable discretion" to determine whether joinder is appropriate, *Acevedo*, 600 F.3d at 522. When determining whether joinder is proper, courts "should consider such things as whether there is a logical relationship between the claims, and whether there is any overlapping proof or legal question." *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1322 (S.D. Miss. 2003).

### III. Discussion

Quartiz's *Motion* is well-taken. It asserts at least four claims against SpearMC and NMMC jointly: (1) conversion of Quartiz's property; (2) violation of the Mississippi Trade Secrets Act; (3) violation of 18 U.S.C. § 1836; and (4) civil conspiracy. *See* Docket No. 167-2. A logical relationship exists between the existing and the proposed new claims because all arise out of the same series of occurrences—the two companies' alleged use of the database's backup. Accordingly, prong one of the Rule 20(a) test for joinder is satisfied.

As for the second prong, common questions of law and fact exist. The factual nexus that connects all parties is whether the database backup contains Quartiz's intellectual property, such that NMMC and SpearMC's alleged use of the database violates identical

laws. As such, prong two of the Rule 20(a) test is also satisfied. *See Warnock Eng'g, LLC v. Canton Mun. Utils.*, No. 3:17-CV-160, 2017 WL 11676824, at *3 (S.D. Miss. Dec. 4, 2017) (finding joinder sufficient where at least one question of law or fact was common to both defendants).

Lastly, SpearMC is domiciled in the State of California. Its addition to this matter, therefore, does not destroy diversity jurisdiction. *See Gentry v. Smith*, 487 F.2d 571, 580 (5th Cir. 1973) (permitting joinder where joinder was feasible, desirable, and would not destroy diversity jurisdiction).

### IV.    Conclusion

Finding SpearMC's addition proper under Rule 20(a)(2), Quartiz's *Motion* is hereby **GRANTED**. It may file its *Proposed Third Amended Counterclaim* within 10 days.

**SO ORDERED**, this the 8th day of April, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE